IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mr. Marshall Watkins, #189309, | ) Civil Action No.: 3:11-3035-MGL |
| Plaintiff, | ) |
| vs. | ) **ORDER AND OPINION** |
| Mr. Steven Clayton; Mr. Muhaabwa, Inmate Council; Nurse Bergis, Perry Correctional Institution, | ) |
| Defendants. | ) |

Plaintiff Marshall Watkins is an inmate in custody at Perry Correctional Institution in Pelzer, South Carolina. (Compl. 2, ECF No. 1). On November 16, 2011, Plaintiff proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. *Id.* Defendants filed a motion for summary judgment on April 26, 2012. (Mot. For Summ. J., ECF No. 21). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. Since Plaintiff is *pro se* in this matter, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on April 26, 2012, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (Order, ECF No. 22). In that order, Plaintiff was advised that if he failed to respond adequately, the Defendants' motion would be granted, thereby ending the case. *Id.* at 1. Plaintiff failed to respond to the motion. Thus, on June 15, 2012, Plaintiff was advised to notify the court as to whether he wished to continue the case and file a response to the Defendants' motion for summary judgment within fifteen (15) days from the date of the order, otherwise the case would be recommended for dismissal. (Order, ECF No. 26).

Plaintiff did not respond to this order and did not file any responsive documents. Thus, Magistrate Judge McCrorey recommended that this action be dismissed with prejudice for lack of prosecution. (Report & Recommendation 2, ECF No. 28).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

On July 3, 2012, Plaintiff was advised of his right to file objections to the Report and Recommendation. (Report & Recommendation, ECF No. 28). However, he has not done so. In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

# CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

      IT IS SO ORDERED.

                                            s/Mary G. Lewis
                                            United States District Judge

Spartanburg, South Carolina
August 2, 2012.